## WESTERN & ATLANTIC RAILROAD COMPANY *v.* UNION INVESTMENT COMPANY *et al.*

An instrument, other than a draft, purporting to assign a sum of money to be paid out of a fund claimed to be in the hands of another, without describing the identical money intended to be conveyed, will not of itself convey legal title to any part of the fund which in fact may be in the hands of such other person.

(*a*) If anything is conveyed by the execution of such an instrument, it is an equitable interest in the entire fund.

(*b*) Where several persons claim, from a common source, equitable conflicting interests in a fund held by a stakeholder, which is insufficient to pay all, and there is doubt, arising either in law or fact, as to the person to whom the money should be paid, the stakeholder will not be required to pay at his peril, but, upon proper proceedings, may compel all parties at interest to interplead in one suit and enjoin the prosecution of separate suits.

(*c*) Where interpleader is appropriate for reasons already indicated, not only the parties claiming by assignment should be required to interplead, but also creditors of the assignor who are seeking to subject the fund in question by garnishment suits.

(*d*) Under the pleadings and evidence in this case, the court should have granted the injunction prayed for and ordered the parties to interplead as prayed.

Argued February 22,—Decided April 11, 1907.

Petition for interpleader.   Before Judge Pendleton.   Fulton superior court.   November 21, 1906.

*Tye & Bryan* and *Charles A. Read,* for plaintiff, cited: Civil Code, § 4896; *Ga. R.* 119/683; 115/97, and cit.; 75/1; 37/574; 32/56, 62; 1 Ga. Dec. 146; 2 Story's Eq. § 806.

*R. B. Blackburn* and *Lowndes Calhoun,* for defendants, cited: Acts 1904, p. 87; Civil Code, §§ 3077, 2821; *Ga. R.* 112/814; 117/81; 119/855; 14 A. & E. Enc. L. (2d ed.) 857, 859; 4 Cyc. 75.

ATKINSON, J.   It appears, that the plaintiff owed Maner $56.05 for wages earned in April, 1906, and $8.85 for wages earned in May, 1906; that the plaintiff claimed no interest therein and was a mere stakeholder; that Maner executed to several different per-

sons certain instruments purporting to assign to each certain sums to be paid from his wages generally, earned in the month of April and in the month of May. It does not appear that the amount of wages earned was known to the parties at the time of making the attempts at assignment. However, the parties described as assignees notified the plaintiff of their respective claims and demanded the money claimed to have been assigned. Other parties were pursuing the fund by garnishment. The suit is a petition by the plaintiff against all of the parties at interest, seeking to require them to interplead and settle among themselves their rights to the fund in question and seeking an injunction to prevent them from prosecuting separate suits. Under the view we take, the facts disclosed by this record take the case without the rulings made in *National Bank* v. *Augusta Cotton Co., 99 Ga.* 286, and *Franklin* v. *Southern Ry. Co.,* 119 *Ga.* 855, but, under the principles recognized in those cases, demand the relief prayed. In the case at bar, each of the instruments purporting to assign failed to specify the exact fund sought to be assigned. In this respect they differed from the assignment in *Fidelity Co.* v. *Exchange Bank,* 100 *Ga.* 619. Not one of the assignments under consideration purports to convey title to an entire fund, but in each instance the assignment is of a certain sum to be paid out of the wages generally, earned during a certain month. The parties did not contemplate the assignment of the whole fund in the hands of the employer, but only so much thereof as would satisfy the demand of the assignee. In other words, the attempt was not to convey title to any particular dollar definitely ascertained and identified, but only to money generally as a part of a fund supposed to be in the hands of the employer, earned as wages during a certain period of time. Under these conditions, and in the absence of sufficient identity of any specific money intended to be assigned, it could not be said that legal title to any particular part of the fund passed to any one of the alleged assignees by virtue of his assignment. The instrument does not purport to be a draft, and therefore could be no assignment pro tanto by acceptance, under the Civil Code, § 3078. If it were a draft, the assignment would fail for the want of acceptance. Whether or not there was such an equitable interest assigned involved questions both of law and fact which a stakeholder ought not to be required to answer at his peril. If anything was conveyed

by the instruments of assignment, it was an equitable interest in the whole fund in the hands of the employer. If, under the ruling made in *Fidelity Co.* v. *Exchange Bank,* supra, the several assignees are interested in anything as by equitable assignment, their interests relate to the entire fund, and not to a separate and distinct part. In such event the fund would be a common fund in which they would be severally interested. It appears that they derive whatever interest they have from the same source, to wit, from Maner. The proper method of enforcement of their claims is by making all parties at interest parties in one suit in a court of competent jurisdiction, to the end that each may assert his rights and render more certain the administration of justice. Maner could not himself have divided his claim into many parts and instituted separate suits at law against his employer. *Rivers* v. *Wright,* 117 *Ga.* 81; *Reviere* v. *Chambliss,* 120 *Ga.* 714. It follows that in the absence of consent by his employer, Maner could not accomplish the same thing by assignments in small parts to others, thus allowing them to maintain several suits. Being a mere stakeholder without any interest in the fund, and being shown not to be in collusion or otherwise at fault, in view of the nature of the claims asserted by the various parties to the fund in controversy by assignment and by garnishment, this, under the Civil Code, § 4896, is a proper case for the intervention of a court of equity, by injunction and appropriate orders requiring the various contestants to interplead as prayed.

*Judgment reversed. Fish, C. J., absent. The other Justices concur.*