## KING BROTHERS & COMPANY *v.* CENTRAL OF GEORGIA RAILWAY COMPANY *et al.*

The holder of a partial assignment of a chose in action, to which the debtor of the assignor has not assented, is not entitled to priority in payment over a subsequent assignee, for value and without notice, of the entire chose in action.

OCTOBER 11, 1910.

Equitable petition. Before Judge Felton. Bibb superior court. November 11, 1909.

*Sidney W. Hatcher*, for plaintiff in error.

*Ellis & Jordan* and *Oliver C. Hancock*, contra.

EVANS, P. J. An employee of the Central of Georgia Railway Company assigned to the Traders Investment Company a stated amount, less than the whole, of the salary earned by him at the time of the assignment. Subsequently, for value and without notice of the prior partial assignment, the employee assigned his entire salary which he had earned to King Brothers & Company. The railroad company refused to pay the first assignees, and suit was instituted by them against the railroad company, the employee, and the subsequent assignee. The railroad company admitted the indebtedness, and paid the money into court; and the court awarded it, after deducting the costs, to the first assignees. The only point involved is the prior rights of the assignees to the fund.

In the first assignment the assignor transferred a stated portion of the fund; by virtue of which the assignee acquired no separate and distinct part, but only an equitable interest, in the whole fund to the extent of the interest assigned. *Fidelity Co.* v.

15

*Exchange Bank,* 100 *Ga.* 619 (28 S. E. 393); *W. & A. R. Co.* v. *Union Investment Co.,* 128 *Ga.* 74 (57 S. E. 100). A partial assignment of a chose in action will not vest in the assignee such a title to the portion assigned as can be enforced in action at law without the consent of the debtor. Such an assignment is, however, enforceable in equity, though the debtor may not assent, if all the parties at interest are before the court, so that the rights of each in the fund may be determined in one suit, and settled by one decree. *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499).

The second assignment is of the entire chose in action and vests in the assignee the legal title to the whole chose in action. Civil Code, § 3077. The second assignee had no notice of the prior partial assignment, nor did the debtor assent to the partial assignment of the chose. The contest for priority in payment, therefore, is between the holder of an equitable right to be paid a stated sum from the chose in action, and a subsequent bona fide assignee for value, who has the legal title to the whole chose. This priority can not be determined by the order of the time of execution of the respective assignments, because the doctrine of "qui prior est tempore potior est jure" only applies as between persons having only equitable interests where such interests are in all other respects equal. It is only where the interests assigned are equitable in their nature, and the equity of no assignee is intrinsically superior to the others, that the order of time determines the order of priority. Where the subsequent assignee has acquired the legal title for a valuable consideration, and without notice of the prior equitable assignment, he is protected. 2 Pomeroy's Eq. Jur. § 713. The relation of the holder of the legal title under such circumstances is that of a bona fide purchaser, and his title is not affected by a latent equity. The court erred in awarding the fund to the holder of the equitable assignment.

*Judgment reversed. All the Justices concur.*