## 20227. ETHEREDGE *v.* WILSON.

DECIDED MARCH 4, 1930. ADHERED TO ON REHEARING, MAY 14, 1930.

*E. F. Goodrum, J. L. R. Boyd,* for plaintiff in error.

*L. U. Bloodworth, R. R. Jackson, C. E. Moore, E. W. Maynard, Miller & Lowry,* contra.

LUKE, J. E. P. Wilson brought his action in the municipal court of Macon against L. C. Etheredge, alleging that the defendant had assigned to him $27.50 due defendant by the Central of Georgia Railway Company for wages or salary already earned by him in the employ of that company; that by virtue of said assignment the title to the money was in plaintiff; that defendant collected said sum from his employer and converted it to his own use by refusing to deliver it to plaintiff; and that defendant was liable to plaintiff in the sum of $27.50 because of said conversion. Defendant's demurrers were overruled, and the jury returned a verdict for plaintiff. The exception here is to the refusal of the judge of the superior court to sanction defendant's certiorari.

The demurrer raised the point that the petition set out no cause of action at law, because the action is predicated upon a partial assignment of wages, which conveyed no title to the money to plaintiff, and that jurisdiction of the case was in the superior court of Bibb County, and not in the municipal court of Macon.

The material part of the assignment is as follows:

"$27.50.                                                    Georgia, Bibb County.

"For value received, I hereby sell to Acme Investment Company, doing business in the City of Macon, Ga., an undivided interest in my account for wages or salary already by me earned from the 1st day of August, 1928, to the 27th day of August, 1928, in the capacity of Spec., said interest amounting to ———— dollars, and due me by Central of Ga. Ry. Co. I hereby direct my said employer to pay the Acme Investment Company said amount. . . This is an absolute and unconditional sale of an undivided interest in said account and is not a loan or advance of money, and is not a discount. I am not a debtor to the purchaser. This is an original transaction, and is not a renewal or extension of any kind. In order to induce Acme Investment Company to make the purchase of said undivided interest in this account, I hereby state, and warrant to be true, that I am employed by said employer in the capacity above stated, that I was so employed during said time and while so employed I earned as wages or salary the said amount. I hereby authorize the purchaser of this account, in my name and stead, and as my attorney in fact, to sign my name to any and all checks, vouchers, receipts, and acquittances necessary and proper to be signed in order to collect said account and to evidence the payment of the same. It is understood by the undersigned that the said buyer and assignee has the option of notifying the party, firm or corporation to whom this is directed of the fact of this sale and assignment of money having been made to said buyer and assignee at any time said buyer and assignee may choose to do so. A duplicate of this bill of sale and assignment is by me waived.

"Given under my hand and seal this the 27th day of August, 1928.                                                    L. C. Etheredge."

We do not think that the demurrer under consideration is good, for the reason that it does not appear from the pleadings and the copy of the assignment attached thereto that the paper is a partial assignment.

When this paper was offered in evidence it was objected to (1) because it was a partial assignment and never conveyed title to the $27.50, and (2) "because the body of the original assignment was in blank as to the amount alleged sold, and was too indefinite to be material as evidence."

The assignment speaks for itself, and was, we think, properly admitted in evidence over the objections interposed.

After the evidence had closed, defendant moved "to exclude the assignment . . because it appears that the plaintiff was not a licensed and bonded buyer of salary and wages." It appearing, from the evidence, that E. P. Wilson, trading as Acme Investment Company, had a "veteran's or soldier's license from the ordinary of Bibb county," the question is whether he was exempted from paying a license and giving bond.

The act of the General Assembly on this subject, as amended in 1919 (Ga. L. 1919, p. 90, Michie's Code (1926), § 1888), reads as follows: "Any disabled or indigent Confederate soldier or soldiers of the Seminole, Creek, or Cherokee Indian war, or late European war, or blind person who is a resident of this State, may peddle or conduct business in any town, city, county, or counties thereof without paying license for the privilege of so doing, and a certificate from the ordinary of any county stating the facts of his being such disabled or indigent Confederate soldier, or soldiers of the Seminole, Creek or Cherokee Indian war, or Mexican war, Spanish-American war, or the late European war, or blind person, who is a resident of this State, shall be sufficient proof; provided that this section shall not authorize peddling or dealing in ardent and intoxicating drinks, or running a billiard, pool or other table of like character, or dealing in futures, or peddling stoves, clocks, or carrying on the business of a pawnbroker or auctioneer, or dealing in lightning-rods; and provided further, that the privileges hereby granted shall not be transferred to or used by any other person."

This State is solicitous of the welfare of those persons who have served their country in war, and the foregoing act is concrete evidence of this solicitude. Furthermore, the courts of this State are inclined to construe this act so as to carry out the benevolent intention of the lawmakers. For instance, in the case of *City of Macon* v. *Samples* 167 *Ga.* 150 (5), 158 (145 S. E. 57), it was held

that the word "soldiers" includes "sailors." Aside from these considerations, however, the exemption is broad, and those classes of persons not covered by it are categorically set out. The legislators could as well have included persons engaged in the business of purchasing wages as any other class among those not exempted by the certificate, but they did not do so. We do not feel at liberty to read into the statute a class of persons the law-makers saw fit to omit. See, in this connection, *Burch* v. *Ocilla*, 5 *Ga. App.* 65 (2) (62 S. E. 666); *Campbell* v. *Thomasville*, 6 *Ga. App.* 212 (15) (64 S. E. 815).

Having concluded that the assignment was properly in evidence, we now come to the controlling question in the case, to wit: In the light of the evidence adduced at the trial, was the assignment partial? The evidence bearing directly upon this question appears from the following quotation from the record: "Plaintiff then offered in evidence the assignment for $27.50, dated August 28, 1928, and C. of Ga. Ry. checks Fj-75688, dated August 16, 1928, for $51.93, and Sj-72436, dated September 1, 1928, for $61.83; the former check covering L. C. Etheredge's time earned August 1 to 15, 1928, and the latter check covering time earned August 16 to August 31, 1928, both checks endorsed by L. C. Etheredge, the defendant."

As indicated by our ruling upon the demurrer, we do not think that the paper alone shows a partial assignment. The introduction in evidence of the checks covering the time stated in the assignment, however, throws additional light upon the transaction; and, to our minds, these checks show clearly that the $27.50 assigned was not the entire wage of Etheredge from August 1, 1928 to August 27, 1928, as appears to be indicated by the assignment, but was in reality only a portion of the wages earned by defendant during that time. The transaction was therefore a partial assignment. The distinction between an assignment of all a person's earned wages and an assignment of a stated sum less than the whole is clearly indicated in *King* v. *Central of Ga. Ry. Co.*, 135 *Ga.* 225 (69 S. E. 113, Ann. Cas. 1912A, 672). This decision cites *Rivers* v. *Wright*, 117 *Ga.* 81 (43 S. E. 499), as authority for the following well known rule of law: "A partial assignment of a chose in action will not vest in the assignee such a title to the portion assigned as can be enforced in action at law without the consent of

the debtor. Such an assignment is, however, enforceable in equity, though the debtor may not assent, if all the parties at interest are before the court, so that the rights of each in the fund may be determined in one suit, and settled by one decree." See also *W. & A. R. Co.* v. *Union Investment Co.*, 128 *Ga.* 74 (57 S. E. 100); *Gleaton* v. *Bank of Arlington*, 40 *Ga. App.* 291 (8-10) (149 S. E. 438); *Timmons* v. *Citizens Bank*, 11 *Ga. App.* 69, 72 (74 S. E. 798).

Not only does the record in this case fail to show that the debtor consented to the assignment, but it conclusively shows the contrary. Therefore we hold that plaintiff in the court below showed no such title in the money alleged to have been assigned as would support the action for conversion. It follows that the judge of the superior court erred in refusing to sanction the certiorari.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., dissents.*