## WILSON *v.* ETHEREDGE.

No. 7909. FEBRUARY 13, 1932.
ADHERED TO ON REHEARING, MARCH 2, 1932.

*R. R. Jackson, C. E. Moore, Miller & Lowrey, L. U. Bloodworth,* and *E. W. Maynard,* for plaintiff.

*J. L. R. Boyd* and *E. F. Goodrum,* for defendant.

BECK, P. J. E. P. Wilson brought his action in the municipal court of Macon against L. C. Etheredge, alleging that the defendant had assigned to him $27.50 due defendant by the Central of Georgia Railway Company for wages or salary already earned by him in the employment of that company; that by virtue of said assignment the title to the money was in plaintiff; that defendant collected said sum from his employer and converted it to his own use by refusing to deliver it to plaintiff; and that defendant was liable to plaintiff in the sum of $27.50 because of said conversion. Defendant filed a demurrer, one ground of which raised the contention that the petition set out no cause of action at law, because the action was predicated upon a partial assignment of wages, which conveyed no title to the money to plaintiff. The demurrer was overruled, and the jury returned a verdict for the plaintiff. The defendant sued out a writ of certiorari, and the judge of the superior court refused to sanction the same. Thereupon the defendant sued out a writ of error to the Court of Appeals, which court reversed the judgment refusing sanction of certiorari. Wilson excepted, and brought the question to this court by the writ of certiorari.

The Court of Appeals based its rulings upon the following principles set forth in its decision: "A partial assignment of wages,

not assented to by the debtor, will not support an action brought by the assignee against the assignor for a conversion of the wages assigned. The partial assignment of wages in this case did not put such title to the wages assigned in the assignee as will support the action for conversion brought against the assignor by the assignee; and the judge of the superior court erred in refusing to sanction the assignor's certiorari from the municipal court of Macon." These principles are restated and discussed in the opinion of the Court of Appeals, and that court cites as authority for the conclusions reached the cases of *King* v. *Central of Georgia Ry. Co.,* 135 *Ga.* 225 (69 S. E. 113, Ann. Cas. 1912A, 672), and *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499), where it was held: "A partial assignment of a debt will not vest in the assignee such title to the portion of the debt as can be enforced in a common-law action, unless the debtor assented to the assignment. Such an assignment is, however, enforceable in equity, though the debtor did not assent thereto; provided all parties at interest are before the court, so that the rights of each in the fund in controversy may be determined in one suit and settled by one decree." The Court of Appeals did not err in rendering the decision excepted to.

*Judgment affirmed. All the Justices concur, except Gilbert and Hines, JJ., who dissent.*

HINES, J., dissenting. A partial assignment by an employee of his claim against his employer for wages, if assented to by the employer, can be enforced at law by the assignee; and if the partial assignment is not assented to by the employer, it can be enforced in equity against the assignor and the employer. In either event the assignment creates a valid demand against the assignor and employer, and payment of the wages to the assignor will be treated as made for the benefit of the assignee of the wages to the extent of the sum assigned, and the payee will be treated as holding the same in trust for the assignee, who can sue for the conversion of the same at law. The necessity of going into equity to enforce the demand is dispensed with by the payment of the fund to the assignor. It seems to me to be a startling proposition that the assignee can not sue the assignor at law for the conversion of the funds which the assignor had assigned to him and which the assignor had collected. *West* v. *Brown,* 165 *Ga.* 187 (140 S. E. 500).