21771. LOWENTHAL v. FAIRFAX LOAN & INVESTMENT COMPANY.

BELL, J. This was a suit in·a justice's court, and the summons as amended was in two counts. It is apparent from the record that the verdict in favor of the plaintiff was based upon the second count, which sought a recovery upon the theory that the defendant had made to the plaintiff a partial assignment of his wages, and that, since the assignment was made without the consent of the debtor, the plaintiff assignee was entitled to treat the assignment as invalid and to recover from the defendant assignor the sum of money advanced to him thereon, as money had and received. *Held:*

1. While a partial assignment of a chose in action, made without the consent of the debtor, will not vest in the assignee such a title as can be enforced against the debtor in an action at law, such an assignment is nevertheless enforceable in equity, without such consent, provided all the parties at interest are before the court so that the rights of each of them may be determined in one suit and settled by one decree. *Rivers* v. *Wright*, 117 *Ga.* 81 (2) (43 S. E. 499).

2. Accordingly, in the instant case the partial assignment was not void, but appeared to be a good equitable assignment such as would constitute a sufficient and valid consideration for the sum of money paid therefor; and the plaintiff, therefore, was not entitled to recover such sum as the purchase-money in an action for money had and received. *King* v. *Central of Georgia Ry. Co.*, 135 *Ga.* 225 (69 S. E. 113, Ann. Cas. 1912A, 672) ; *Western & Atlantic R. Co.* v. *Union Investment Co.*, 128 *Ga.* 74 (57 S. E. 100) ; *Stern* v. *Howell*, 33 *Ga. App.* 693 (2) (127 S. E. 775) ; *Bryant* v. *Guaranty Life Ins. Co.*, 40 *Ga. App.* 573 (1 c) (150 S. E. 596).

3. The verdict in favor of the plaintiff was without evidence to support it and contrary to law, and the superior court erred in not sustaining the certiorari.

4. The case as now presented in this court involves no question as to whether the plaintiff could have recovered on the first count as for money had and received on account of salary which the defendant may have collected from his employer after making the assignment. See, in this connection, *Etheredge* v. *Wilson*, 41 *Ga. App.* 432 (153 S. E. 230), affirmed in 174 *Ga.* 386 (162 S. E. 707) ; *Hubbard* v. *Bibb Brokerage Co.*, 44 *Ga. App.* 1 (160 S. E. 639).

Judgment reversed. *Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 17, 1932.

*E. Harold Sheats,* for plaintiff in error.