HENRY & COMPANY INC. *v.* BRYAN *et al.*

No. 9396. APRIL 13, 1933.

*R. R. Jackson,* for plaintiff.
*Ezra E. Phillips, McDaniel, Neely & Marshall, Wharton O. Wilson,* and *V. K. Meador,* for defendants.

HILL, J.   In April and May, 1931, L. C. Bryan sold to Henry & Company Incorporated certain money for partial wages then due by his employer, Southern Railway Company.   On October 25, 1932, Bryan brought suit in the municipal court of Atlanta to recover certain moneys claimed to be due to him by the Southern Railway Company, making Henry & Company a party defendant, notice of which suit caused the Southern Railway Company to hold up wages of Bryan which were due to him for the month of August, 1932.   On October 28, 1932, Henry & Company brought an equitable petition against L. C. Bryan and Southern Railway Company, praying that a verdict be rendered in petitioner's favor finding the legal title to the particular dollars and cents described in the assignments to be in petitioner; that Bryan be decreed the trustee of petitioner to the extent of the money named in the assignments, and that such be decreed to be an executed trust; that an order be passed directing Bryan to pay into the registry of the court the

money named in the assignments, and that said money be paid to petitioner free from cost; and for general relief. Demurrers on the ground that the petition set forth no cause of action were sustained, and Henry & Company excepted.

The plaintiff relies on the cases of *Etheredge* v. *Wilson,* 41 *Ga. App.* 432, and *Wilson* v. *Etheredge,* 174 *Ga.* 386, as authority for bringing the suit in equity. That suit was one against the employee for a conversion of the money received from the employer before notice of the partial assignment. There it was said by Mr. Presiding Justice Beck: "The Court of Appeals based its rulings upon the following principles set forth in its decision: 'A partial assignment of wages, not assented to by the debtor, will not support an action brought by the assignee against the assignor for a conversion of the wages assigned. The partial assignment of wages in this case did not put such title to the wages assigned in the assignee as will support the action for conversion brought against the assignor by the assignee; and the judge of the superior court erred in refusing to sanction the assignor's certiorari from the municipal court of Macon.' These principles are restated and discussed in the opinion of the Court of Appeals, and that court cites as authority for the conclusions reached the cases of *King* v. *Central of Georgia Ry. Co.,* 135 *Ga.* 225 (69 S. E. 113, Ann. Cas. 1912A, 672), and *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499), where it was held: 'A partial assignment of a debt will not vest in the assignee such title to the portion of the debt as can be enforced in a common-law action, unless the debtor assented to the assignment. Such an assignment is, however, enforceable in equity, though the debtor did not assent thereto, provided all parties at interest are before the court, so that the rights of each in the fund in controversy may be determined in one suit and settled by one decree.' The Court of Appeals did not err in rendering the decision excepted to." *King* v. *Central of Georgia Ry. Co.,* and *Rivers* v. *Wright,* supra, were cases where notice had been served upon the employer and the money had not been paid to the employee, and therefore the money which was due to the employee, still in the hands of the employer, could be held up by a court of equity and the rights of all the parties at interest in the fund in controversy could be adjudicated in one suit. But here the partial assignment of wages by Bryan was in 1931; and after that date, according to the petition,

the employee collected the wages, and presumably spent them, before the Southern Railway Company had any notice, and therefore that company had no interest in the funds. The controlling question in the present case is whether the Southern Railway Company owed Bryan wages which had not been assigned, wages which were earned more than a year after the assignment was made. Even if the notice by Henry & Company to the Southern Railway Company was valid, it was after the wages of the employee had been paid, and could not have the effect of holding up or subjecting the wages which had not been assigned by Bryan. This notice was dated August 26, 1932, and was in part as follows: "To Southern Railway Company. Gentlemen: This is to inform you that L. C. Bryan, employed by you as flagman, has sold to the undersigned the sum of $42.50 of his salary or wage account. Please hold said money for the undersigned, and the original bill of sale will be surrendered to you on payment of said money," etc. This notice was given more than a year after the assignment of the wages of Bryan, and it could not have the effect of stopping payment of wages which had not been assigned, or of subjecting them to the contract of Henry & Company. The notice was too indefinite to require the holding up of subsequent wages. For these reasons we are of the opinion that the petition was subject to the demurrers, and that the court did not err in dimissing the case. See *West* v. *Brown,* 165 *Ga.* 187 (140 S. E. 500). *Judgment affirmed. All the Justices concur.*