*T. B. Higdon,* for plaintiff in error.
*C. N. Davie, J. F. Kemp,* contra.

### 22581. SAMPSON *v.* BIBB INVESTMENT COMPANY.

DECIDED AUGUST 23, 1933.   REHEARING DENIED SEPTEMBER 30, 1933.

*E. Hoke Wilson,* for plaintiff in error.   *E. F. Goodrum,* for persons at interest, not parties.

*Nottingham & Nottingham,* contra.   *R. R. Jackson,* as amicus curiæ.

MacINTYRE, J.   The Bibb Investment Company brought suit in the municipal court of Macon against Jim Sampson on a salary assignment of $24.   The case was tried before the judge, without the intervention of a jury, upon the following agreed statement of facts: The defendant admitted "the execution and delivery to the plaintiff of the bill of sale and assignment for $24, and the collection of the said account so sold and assigned from the Georgia, Southern & Florida Railway Company by the defendant, and the failure and refusal to deliver said money to the plaintiff is admitted by the defendant." The plaintiff admitted "that the said bill of sale and assignment in question is a partial assignment of the wages earned by and due to the defendant by the Georgia, Southern & Florida Railway Company, and the defendant's adjudication in bankruptcy and the listing of the liability, and that the bill of sale and assignment is unassented to by the debtor." The judge found for the plaintiff in the amount sued for; the defendant presented a petition for certiorari.   The judge of the superior court refused to sanction the certiorari, and the case was brought to this court.

The question presented for decision in this case is: Will a partial assignment not assented to by the debtor support an action brought in a court of law by the assignee against the assignor for the conversion of wages assigned, under the facts of this case? In the case of *Wilson* v. *Etheredge, 174 Ga.* 386 (162 S. E. 707), this question is answered in the negative.

The decision in *Etheredge* v. *Wilson,* 41 *Ga. App.* 432 (153 S. E. 230), was rendered by Division No. 1 of the Court of Appeals of Georgia on March 4, 1930, and was adhered to on a rehearing on May 14, 1930, Judge Bloodworth dissenting. It appears from *Wilson* v. *Etheredge,* supra, that "E. P. Wilson brought his action in the municipal court of Macon against L. C. Etheredge, alleging that the defendant had assigned to him $27.50 due defendant by the Central of Georgia Railway Company for wages or salary already earned by him in the employment of that company; that by virtue of said assignment the title to the money was in plaintiff; that defendant collected said sum from his employer and converted it to his own use by refusing to deliver it to plaintiff; and that defendant was liable to plaintiff in the sum of $27.50 because of said conversion."

The Court of Appeals in the *Etheredge* case, supra, based its ruling upon the following principle: "A partial assignment of wages, not assented to by the debtor, will not support an action brought by the assignee against the assignor for a conversion of the wages assigned. The partial assignment of wages in this case did not put such title in the wages assigned in the assignee as will support the action for conversion brought against the assignor by the assignee." As authority for its holding the Court of Appeals cited *King* v. *Central of Ga. Ry. Co.,* 135 *Ga.* 225 (69 S. E. 113, 22 Ann. Cas. 672), and *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499), the first and second headnotes of the case last cited being as follows: "A partial assignment of a debt will not vest in the assignee such a title to the portion of the debt assigned as can be enforced in a common-law action, unless the debtor assented to the assignment. . . Such an assignment is, however, enforceable in equity, though the debtor did not assent thereto, provided all parties at interest are before the court so that the rights of each in the fund in controversy may be determined in one suit and settled by one decree."

On February 13, 1932, the Supreme Court of Georgia, in *Wilson*

v. *Etheredge,* supra, affirmed on certiorari the decision in *Etheredge* v. *Wilson,* supra, and on rehearing adhered to its ruling on March 2, 1932. While said case of *Wilson* v. *Etheredge* was pending in the Supreme Court on certiorari, the case of *Hubbard* v. *Bibb Brokerage Co.,* 44 *Ga. App.* 1 (160 S. E. 639), which involved the same principles as the *Etheredge* case, supra, was for decision in Division No. 2 of the Court of Appeals of Georgia. Not being prepared to agree to the decision of Division No. 1, Division No. 2 certified the *Hubbard* case to the Supreme Court on October 3, 1930; and on March 13, 1931, the Supreme Court refused to answer, on the ground that the questions were improperly framed. Whereupon Division No. 2 of the Court of Appeals, on May 15, 1931, decided the *Hubbard* case, refusing to follow the principles stated by Division No. 1 in the *Etheredge* case. It will be noted that on February 13, 1932, after the decision by Division No. 2 of this court in the *Hubbard* case, the Supreme Court of Georgia, by divided opinion, affirmed Division No. 1 in the *Etheredge* case, supra. It will be observed that the decision in *Wilson* v. *Etheredge,* supra, has definitely settled the principles involved in the *Etheredge* case above and the *Hubbard* case, supra. The facts in the instant case are substantially the same as the facts in the *Etheredge* case, decided by Division No. 1 of the Court of Appeals, which decision was affirmed by the Supreme Court on certiorari in 174 *Ga.* 386. The Supreme Court having spoken on this subject, we follow it even though the opinion was rendered by a divided court, for the decisions rendered by a majority of the Supreme Court are precedents to be followed by the Court of Appeals. *Holmes* v. *So. Ry. Co.,* 145 *Ga.* 172 (88 S. E. 924, Ann. Cas. 1918A, 1182). We therefore hold that the judge of the superior court erred in refusing to sanction the certiorari from the municipal court.

The question of bankruptcy is not now before this court, as no stay of suit was either denied or granted in the court below.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*