23474.  HOLMES *v.* BENNETT.

DECIDED SEPTEMBER 29, 1934.

*V. K. Meador,* for plaintiff in error.

STEPHENS, J. (After stating the foregoing facts.) The plaintiff sued to recover for an alleged conversion by the defendant of $21.50 of money belonging to the plaintiff. As the burden of proof is upon the plaintiff, he can not establish a conversion unless he establishes title to the money in himself. There is no presumption one way or the other whether an assignment of wages or salary is an assignment of the total amount earned, or is an assignment of only a portion of the wages or salary earned.

There is no evidence whatsoever tending to show that the defendant's assignment to the plaintiff covered the total amount of

his salary or wages earned during the period of the assignment. The only evidence as to the character of the assignment, contained in the testimony, is that of the defendant that only a portion of his earned wages were assigned. The evidence is therefore insufficient to authorize a finding that the plaintiff had, by a total assignment, acquired title to the fund which had been assigned to him. Had he acquired title by a total assignment he could have maintained suit as for a conversion of the money after the defendant, the assignor, had collected it from his debtor and had converted it to his own use. Since the character of the assignment does not appear, the question therefore presented is, can the plaintiff nevertheless recover as for a conversion after the defendant had collected the fund assigned and converted it to his own use, where the assignment was a partial assignment of the defendant's wages or salary?

This court, in *Hubbard* v. *Bibb Brokerage Co.*, 44 *Ga. App.* 1 (supra), held that where the assignor in a partial assignment of a debt due the assignor for wages or salary earned, where the assignment had not been assented to by the debtor, collected the money from his debtor, he held the money as trustee for the benefit of the assignee, and where the assignor as such trustee had no duty to perform other than to pay over the money to the assignee, the trust became executed by the statute of uses and the title thereto became vested in the assignee, who could, upon the failure and refusal of the assignor to pay over to the assignee the amount due under the assignment, maintain a suit against the assignor for a conversion of the assignee's property. This ruling had not been superseded by the Supreme Court by anything contained in *Wilson* v. *Etheredge*, supra. Nor is it in conflict with *Sampson* v. *Bibb Investment Co.*, supra. The decision in *Wilson* v. *Etheredge* is authority for the proposition only that a partial assignment of wages or salary, where the assignment is not assented to by the debtor, passes no title to the assignee which can be the basis of an action by the assignee against the assignor for a conversion of the assignee's property, after the assignor has collected the wages from the debtor and converted them to his own use. This court, in *Hubbard* v. *Bibb Brokerage Co.*, (supra), recognized and approved this rule, but went further and held that notwithstanding the assignee in the partial assignment acquired no title thereby, he did acquire title

by virtue of an executed trust after the assignor, who was the holder of the legal title for the assignee's benefit, had collected the money from the debtor.

*Wilson* v. *Etheredge,* supra, is not authority for the proposition that after the assignor had collected the money from his debtor, the assignee, who acquired only a beneficiary interest under the assignment, did not acquire legal title from the assignor as trustee of the money for his benefit by an execution of the trust which put the legal title into the assignee, where the assignor had no duty to perform except to pay over the money to the assignee. The decision in *Wilson* v. *Etheredge* is limited solely to the effect of the assignment as respects whether it passes title. The only question presented to the court in that case arose out of exceptions to a judgment overruling a demurrer to an allegation in the petition, upon the ground, as stated by the court, that the petition "set out no cause of action at law, because the action was predicated upon a partial assignment of wages, which conveyed no title to the money to plaintiff," where it was alleged in the petition that "by virtue of said assignment the title to the money was in plaintiff, that defendant collected said sum from his employer and converted it to his own use by refusing to deliver it to plaintiff." All that was held in *Wilson* v. *Etheredge* is contained in the following from the opinion: "A partial assignment of wages, not assented to by the debtor, will not support an action brought by the assignee against the assignor for a conversion of the wages assigned. The partial assignment of wages in this case did not put such title to the wages assigned in the assignee as will support the action for conversion brought against the assignor by the assignee." This ruling manifestly relates only to the effect of the assignment alone. The court plants its decision upon *King* v. *Central of Georgia Ry. Co.,* 135 *Ga.* 225 (69 S. E. 113, Ann. Cas. 1912A, 672) and *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499). In neither of these cases had the assignor collected the fund from his debtor. In them nothing was adjudicated as to the situation arising after the assignor had collected the money and failed to account therefor to the assignee.

Illustrative of the proposition that a decision is not authority on a question, although it appeared in the record and might have been urged, but was not passed upon, is the case of *Fouts* v. *State,* 8 Ohio St. 98. In that case the court had under consideration the

question of the sufficiency of the indictment upon which the defendant was convicted. The judgment was reversed upon the ground that the indictment failed to charge the offense of which the defendant was convicted. In reply to the suggestion that the court had, in a former case by affirming a conviction on a similar indictment, decided the question the court stated as follows: "It is sufficient to say, that this question was not raised, or brought to the attention of the court in that case. A reported decision, although in a case in which the question might have been raised, is entitled to no consideration whatever as settling, by judicial determination, a principle not only not passed upon, but not raised or even thought of, at the time of the adjudication." See State v. Pugh, 43 Ohio St. 98 (1 N. E. 439.)

The case of *Wilson* v. *Etheredge* was in the Supreme Court upon certiorari from the Court of Appeals. The case under review was *Etheredge* v. *Wilson,* 41 *Ga. App.* 432 (153 S. E. 230). From an inspection of the record in that case, it appears that in the petition, which was a stereotyped printed form in use in the city of Macon, and which appears in many cases, it is alleged in paragraph 6 thereof that "in the execution and delivering of the bill of sale and assignment, hereinbefore set out, the title was passed and transferred to the chose in action, the money described in said bill of sale and assignment, from defendant to plaintiff, and that said chose in action the money so described became the personal property of plaintiff from and after the date that bill of sale and assignment was executed and delivered."

The decision in *Sampson* v. *Bibb Investment Co.* is planted squarely on *Wilson* v. *Etheredge,* as authority, and goes no further than that case. In *Sampson* v. *Bibb Investment Co.* it was held that a partial assignment of wages did not pass title to the assignee. Nothing is said in that case as respects the title in the assignor after he has collected from the debtor the salary or wages assigned to the assignee. The decision in *Etheredge* v. *Wilson,* when properly construed, is authority for the proposition only that no title passed to the assignee by virtue of a partial assignment. In both of these cases, in which the petitions are in the printed form referred to, it was alleged in the petition that title to the assignee passed by the partial assignment. There is no such allegation in the case now before this court. In this case the plaintiff's cause of action is

predicated specifically and solely upon the proposition, as contained in the petition, that the wages, assigned, after the defendant had collected them, became the property of the plaintiff, and that the defendant, in failing to pay the money over to the defendant, fraudulently converted the plaintiff's property. It is nowhere alleged in the petition in this case that the assignment itself passed any title to the plaintiff.

In *Etheredge* v. *Wilson,* 41 *Ga. App.* 432 (supra), the court stated: "We hold that plaintiff in the court below showed no such title in the money alleged to have been assigned as would support the action for conversion." This expression may be susceptible of the construction that this case holds not only that no title passed to the assignee by the partial assignment, but that where the assignor had collected from his debtor the wages or salary which he had assigned to the assignee, and he had no duty to perform other than to pay over to the assignee, the assignee nevertheless acquired no title to the fund. As the decision in that case, which was rendered by the first division of the Court of Appeals, was by a divided court, and since the second division of this court was unanimous in the opinion that under such circumstances the assignee acquired title to the fund and could maintain a suit for its conversion by the assignor, it disagreed with any holding in that case to the effect that no title passed to the assignee after the assignor had collected the fund. The second division, therefore, in *Hubbard* v. *Bibb Brokerage Company,* 44 *Ga. App.* 1 (supra) refused to follow *Etheredge* v. *Wilson,* in so far as it might be construed as holding that no title passed to the assignee after the assignor had collected the fund assigned.

There is nothing in *Henry* v. *Bryan,* 176 *Ga.* 847 (169 S. E. 109), which is in conflict with the rule in *Hubbard* v. *Bibb Brokerage Co.,* supra. We therefore, on the authority of *Hubbard* v. *Bibb Brokerage Company,* hold that the verdict and judgment for the plaintiff were authorized, and the superior court did not err in overruling the certiorari.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., dissents.*

JENKINS, P. J., dissenting. I dissent in this case, for the reason that in my opinion the decision conflicts with the ruling of the Supreme Court in *Wilson* v. *Etheredge,* 174 *Ga.* 386 (supra). It was true in the *Wilson* case, just as in this case, as shown by the deci-

sion by the Supreme Court in that case, that the defendant had collected said sum from his employer and converted it to his own use by refusing to deliver it to the plaintiff. That this fact was in the minds of the Supreme Court is further indicated by the dissenting opinion of Justice Hines.