24055. BELL FINANCE COMPANY *v.* JOHNSON.

DECIDED MAY 9, 1935. REHEARING DENIED JUNE 14, 1935.

*C. W. Killebrew, Isaac S. Peebles Jr.,* for plaintiff.
*Nathan Jolles, Paul T. Chance,* for defendant.

SUTTON, J. Johnson made a partial assignment of his wages to the plaintiff, Bell Finance Company, without obtaining the assent of his employer to such assignment. Thereafter the employer paid to Johnson the wages which he had assigned to the plaintiff. Plaintiff brought suit in the municipal court of Augusta against Johnson for the amount of the wages assigned to it by Johnson, claiming

that the title to the wages assigned was in it, and that the defendant had wrongfully converted the same to his own use. The defendant filed his plea and answer denying that the title to such wages was in the plaintiff and that the plaintiff had a right to bring an action at law against him, and also set up that he was in bankruptcy and had listed the plaintiff as a creditor, the debt being one dischargeable in bankruptcy, and prayed for a stay of the action pending the bankruptcy proceedings. The trial judge rendered judgment in favor of the plaintiff and dismissed the defendant's plea. The judge of the superior court sustained the defendant's petition for certiorari and rendered final judgment in favor of the defendant against the plaintiff. The plaintiff excepts to this judgment.

Under the answers of the Supreme Court to the questions certified to it by this court in this case, where an employee executes a partial assignment of wages earned, which is not assented to by the employer, and the employee, without the consent of the assignee, collects the wages assigned and converts them to his own use, he commits a wrongful conversion, for which he may be sued at law by the assignee; and in the event of bankruptcy of the employee before he has accounted to the assignee for the amount of wages assigned to the assignee, the claim of the latter, being a fiduciary claim, is not affected by the bankruptcy of the employee. *Bell Finance Co.* v. *Johnson,* 180 *Ga.* 567 (179 S. E. 703). See *Hubbard* v. *Bibb Brokerage Co.,* 44 *Ga. App.* 1 (160 S. E. 639); *Holmes* v. *Bennett,* 49 *Ga. App.* 860 (176 S. E. 836). Therefore the judge of the superior court erred in sustaining the defendant's petition for certiorari and in rendering final judgment on the defendant's plea in his favor.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*