38637.   FIRST STATE BANK v. HALL FLOORING COMPANY.

DECIDED MARCH 7, 1961.

*Hamilton Burch, Eberhardt, Franklin, Barham & Coleman, Ed. G. Barham,* for plaintiff in error.

*Robert L. Cork,* contra.

NICHOLS, Judge. The sole question presented for decision is whether the letter from B to X, in which B agreed to make payment jointly to C and X (such arrangement being acceptable to C), was a legal assignment of C's chose in action. No question is presented as to B's obligation as a guarantor or surety for any debt owed by C to X, and all other questions were expressly abandoned by the plaintiff in error.

"Any language, however informal, will be sufficient to constitute a legal assignment, if it shows the intention of the owner of the right to transfer it instantly, so that it will be the property of the transferee. *Southern Mutual Life Insurance Co. v. Durdin,* 132 Ga. 495 (1) (64 S. E. 264, 131 Am. St. Rep. 210). It is further true, however, that 'an instrument, other than a draft, purporting to assign a sum of money to be paid out of a fund claimed to be in the hands of another, without describing the identical money intended to be conveyed, will not of itself convey legal title to any part of the fund which in fact may be in

the hands of such other person.' *W. & A. R. Co. v. Union Investment Co.*, 128 Ga. 74 (1) (57 S. E. 100). And measuring it by this rule, we are of the opinion that the writing in question did not operate to convey legal title to the fund in controversy and therefore did not constitute a legal assignment. See also *Baer v. English,* 84 Ga. 403 (1) (11 S. E. 453, 20 Am. St. Rep. 372). Did it amount to an equitable assignment? In the case of *Jones v. Glover,* 93 Ga. 484 (1) (21 S. E. 50), it is said, 'In order to infer an equitable assignment, such facts and circumstances must appear, as would not only raise an equity between the assignor and the assignee but show that the parties contemplated an immediate change of ownership with respect to the particular fund in question, not a change of ownership when the fund should be collected or realized, but at the time of the transaction relied upon to constitute the assignment.' " *Brown Guano Co. v. Bridges,* 34 Ga. App. 652, 655 (130 S. E. 695).

The purported assignment in the present case did not show an intention to transfer the fund immediately since the payment was to be made jointly to the purported assignor and assignee without any distinction being shown as to their separate interest in such fund, and for such reason the paper could not constitute either an equitable or legal assignment and the judgment of the trial court so holding was not error.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*