42088. SCHAAR CONSTRUCTION COMPANY, INC. v. SCHAAR et al.

JORDAN, Judge. This is an appeal from the judgment of the trial court sustaining the defendants' general demurrer to the plaintiff's amended petition seeking to recover the sum of $13,005 from the defendants in an action for money had and received. The petition originally alleged that the defendant Schaar had acted as the plaintiff's agent in collecting the funds in controversy and then had deposited the money in the bank account of the co-defendants, Kidd and Compton, rather than remitting such funds to the plaintiff. The petition as amended disclosed to the contrary that the subject funds were paid to Schaar as partial consideration under a contract executed by him in his own behalf with the Nixon Construction Company and the plaintiff's right to recover such funds was predicated upon the written assignment of the funds to the plaintiff by Schaar as shown by exhibit "B" to the petition. Exhibit "B" consisted of a letter from Schaar to the Nixon Company which "authorized and directed" that com-

366

pany to make all payments for work performed by the plaintiff under the contract between Schaar and the Nixon Company jointly to the plaintiff and a third party. The letter did not purport to assign Schaar's interest in the Nixon contract to the plaintiff nor did the letter specifically identify the funds in controversy as being the subject matter of the alleged assignment and purport to transfer immediate ownership of such funds to the plaintiff; and it was not alleged in the petition that such funds were in fact owed to the plaintiff by the defendant Schaar for work performed by the plaintiff under the Nixon contract or otherwise. *Held:*

1. "An instrument, other than a draft, purporting to assign a sum of money to be paid out of a fund claimed to be in the hands of another, without describing the identical money intended to be conveyed, will not of itself convey legal title to any part of the fund which in fact may be in the hands of such other person." *Western &c. R. Co. v. Union Investment Co.*, 128 Ga. 74 (1) (57 SE 100).

2. "In order to infer an equitable assignment such facts or circumstances must appear as would not only raise an equity between the assignor and the assignee, but show that the parties contemplated an immediate change of ownership with respect to the particular fund in question, not a change of ownership when the fund should be collected or realized, but at the time of the transaction relied upon to constitute the assignment." *Jones v. Glover*, 93 Ga. 484, 487 (21 SE 50).

3. Under the allegations of the plaintiff's petition as amended when construed with its omissions as well as its averments, the purported contract of assignment was clearly ineffective to transfer either legal or equitable ownership of the funds in controversy to the plaintiff (*First State Bank v. Hall Flooring Co.*, 103 Ga. App. 270 (118 SE2d 856) and the authorities cited above) ; and in the absence of title to the subject funds, the plaintiff was not entitled to maintain an action for money had and received against the defendants. The trial court did not err therefore in sustaining the defendants' general demurrer to the amended petition.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

Submitted June 10, 1966—Decided September 7, 1966—Rehearing denied September 29, 1966—

*Wall, Armstrong & Aynes, Alford Wall, Paul C. Myers,* for appellant.

*William P. Holley,* for appellees.