WEST *v.* BROWN *et al.*

HINES, J.   1.  Payment of a judgment alleged to be void, where the facts are all known by the defendant, and there is no misplaced confidence, and no artifice, deception, or fraudulent practice used by the other party, is a voluntary payment, and can not be recovered, unless made under an urgent and immediate necessity therefor, or to release person or property, although such payment is made under protest. A mere threat to levy such execution if not paid promptly or at once does not render the payment involuntary. Civil Code (1910), § 4317; *Williams* v. *Stewart*, 115 *Ga.* 864 (42 S. E. 256).

2.  Besides, the claim which one of the plaintiffs paid was not an illegal demand. The partial assignment by the holder of his claim against the defendants to another to secure debt, if assented to by the defendants, can be enforced at law by the assignee, and if the same was not assented to by the defendants, the partial assignment could be enforced in equity by the assignee against the assignor and the debtors. *Rivers* v. *Wright*, 117 *Ga.* 81 (43 S. E. 499); *Brown* v. *Southern Ry. Co.*, 140 *Ga.* 539 (79 S. E. 152); *Baggerly* v. *Bainbridge State Bank*, 160 *Ga.* 556 (3-*a*) (128 S. E. 766); *King* v. *Atlantic Coast Line R. Co.*, 160 *Ga.* 842 (129 S. E. 86). Being thus a valid demand against the plaintiffs and the assignor, its deduction from the amount found in favor of the latter was not an extinguishment thereof, and its payment to the latter will be treated as made for the benefit of the assignee of this claim, and the payee will be treated in equity as holding the payment in trust for his

Assignments, 5 C. J. p. 967, n. 45; p. 999, n. 79; p. 1000, n. 88.
Payment, 30 Cyc. p. 1302, n. 26; p. 1308, n. 67; p. 1310, n. 75.

assignee, although the payment was made by the plaintiff under a void execution. In these circumstances the plaintiff can not recover the payment.

3. Applying the above principles, the court erred in not sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur.*

No. 6001. NOVEMBER 17, 1927.

Equitable petition. Before Judge Moore. Fulton superior court. March 18, 1927.

Brown and Mallas filed their petition against West, in which they made these allegations: West filed in Fulton superior court a suit against petitioners for recovery of a sum of money under a building contract. Pending the suit the plaintiff assigned the full claim sued upon, to secure his debt to another person, in an amount smaller than the claim sued upon. The court instructed the jury that if they should find for the plaintiff they should deduct therefrom the amount of the secured debt. A verdict was returned in favor of West, for the sum of $1151.63, that is, for $1235.19 principal, and $282.94 interest, less $300 assignment, and interest $66.50; and judgment was entered accordingly. The defendants made a motion for new trial, which was overruled. To this judgment they excepted, and the judgment was affirmed by the Court of Appeals, which held that the instruction to the jury to deduct the secured debt from any amount they should find for the plaintiff was erroneous, but that the defendants could not complain of such error. *Brown* v. *West, 35 Ga. App.* 444 (133 S. E. 304). Thereupon petitioners paid into the hands of the sheriff the amount of said judgment, less such deduction; and the execution was entered fully paid off and satisfied.

On June 17, 1926, on the application of the attorney for West, the judge of the trial court passed an order so amending said verdict as to make it a finding for the plaintiff in the sum of $1235.19, principal, and $282.94 interest, the judgment entered upon the verdict was so amended as to make it a recovery for the principal sum of $1518.13, with interest from March 25, 1925, at the rate of 7 per cent. per annum, together with costs. No notice was given petitioners of the application for said order, and they had no knowledge of the proceeding until February 7, 1927, when the sheriff, with the attorney of West, appeared at the place of business of Brown and demanded immediate payment of the fi.

fa. which had been issued upon said amended judgment, and stated that if it was not promptly paid a levy would be made upon his stock of goods. It would have been utterly disastrous to him to have submitted to such levy. He was engaged in the retail drug and notion business in Atlanta, and it would have demoralized his trade and help, and placed him in a position where he could not carry on his business. He protested against said action without avail; and under duress and protest he gave to the sheriff a check for the amount of the balance due on said apparent judgment, amounting to $414.12, which check is in the hands of the sheriff. Said check has been certified by the bank and charged against his account, and although it has not been cashed it amounts to the same, so far as his balance at the bank is concerned, and the withdrawing of said amount of his funds was a great embarrassment to him. The order amending the verdict and judgment was improvidently granted, was a mistake, and was an abuse of power, as the court had no authority to make said amendment, as it was done without notice to Brown, and it is avoidable and should be set aside. Said check will be collected by the sheriff and applied to the discharge of said execution, and the proceeds turned over to the plaintiff, unless such action is promptly arrested by the court. Petitioners are able to give bond, and will do so if required by the court, to take the place of said check. They pray that said order be set aside and declared null and void, that the amended verdict and judgment be declared void, that the original verdict and judgment be re-established as the true verdict and judgment, that the execution issued upon the amendment be declared void and be cancelled of record, that the sheriff and West be restrained from enforcing said amended execution, and that Brown be permitted to give bond to take the place of his check.

West demurred to the petition, upon the ground that it set forth no cause of action, for the reasons that (a) petitioners are not entitled to recover the funds in the hands of the sheriff; (b) that there is no allegation that the funds in the hands of the sheriff are in full payment of the execution; (c) that the relief sought seeks to restrain the sheriff from doing a thing already done; (d) that the relief sought is the cancellation and setting aside of a judg-

ment which had been already paid off; and (e) that the facts alleged are insufficient to recover a voluntary payment of money, no facts being alleged sufficient to constitute duress. The court overruled the demurrer, and the defendant excepted.

*O. C. Hancock* and *Scott & Hornbuckle,* for plaintiff in error. *Key, McClelland & McClelland,* contra.