20390. DUNTON *v.* NORTON.

Decided November 15, 1930.

*John C. Bell, H. B. Moss,* for plaintiff.

*F. T. Wills,* for defendant.

Jenkins, P. J. Plaintiff shows by her petition that after she had signed a condemnation-money bond as surety in a dispossessory proceeding, the plaintiff in that proceeding immediately received possession of the premises. Plaintiff in the instant case alleged that she was thus led to believe that the eviction proceeding had been or would be abandoned, but that notwithstanding the surrender of possession of the premises, judgment was rendered against her on the bond as surety, and subsequently "she was forced to pay, December, 1928, the sum of $80.00 or have her property seized and sold." The petition does not indicate that personal property of the defendant was threatened with immediate seizure, nor does it indicate whether the property referred to by her was real or personal, or whether any threatened levy thereon was immediate, or whether she might have been enabled to resort to legal remedies to resist the same. She asks that the judgment be cancelled and set aside as having been fraudulently procured, and that she recover the amount paid by her thereon, or that she recover the amount of the rental value of the property for the period of the pendency of the eviction proceeding.

Pretermitting any ruling upon the question whether the judgment on the bond might have been set aside in equity as having been fraudulently obtained, the subsequent payment of the judgment by the plaintiff can not be taken as anything else than voluntary (Civil Code of 1910, § 4317), since it appears that the payment was made with full knowledge of any facts such as might have rendered the judgment illegal, and it does not appear that such payment was necessary in order to prevent the immediate seizure of the property of the plaintiff. "A payment is not made under compulsion or duress, but will be treated as voluntary, unless the party making payment does so to prevent the immediate seizure of his

goods or the arrest of his person. It surely requires no argument to show that a threatened levy upon land is neither the one nor the other. Furthermore, the doctrine appears to be that if the law affords to the person from whom the payment is exacted an immediate and adequate remedy to resist payment, he can not be said to have acted under compulsion, if, neglecting to avail himself of such remedy, he elects to make the payment demanded of him." *Hoke* v. *City of Atlanta,* 107 *Ga.* 416, 420 (33 S. E. 412) ; *Dennison Mfg. Co.* v. *Wright,* 156 *Ga.* 789, 794 (120 S. E. 120) ; *McCarty* v. *Mobley,* 14 *Ga. App.* 225 (80 S. E. 523). Accordingly, the court did not err in dismissing the petition on demurrer.

*Judgment affirmed. Stephens and Bell., JJ., concur.*