26217. BRASWELL *v.* MASON KOMINERS TIRE CO. *et al.*

DECIDED OCTOBER 28, 1937.

*Frank A. Bowers,* for plaintiff. *Tidwell & Brown,* for defendants.

BROYLES, C. J. 1. "Malicious abuse of legal process is where the plaintiff in a civil proceeding wilfully misapplies the process of the court in order to obtain an object which such a process is not intended by law to effect, as contradistinguished from malicious use of process, where the plaintiff in a civil proceeding employs the court's process in order to execute an object which the law intends such a process to subserve, but proceeds maliciously and without probable cause. *McElreath* v. *Gross,* 23 *Ga. App.* 287 (98 S. E. 190); *Roberts* v. *Willys-Overland Inc.,* 27 *Ga. App.* 304, 305 (108 S. E. 138). In the instant case it does not appear that in the trover proceeding the court's process was misapplied in order to obtain an object which such a process is not intended by law to effect, since 'the legitimate purpose of making an affidavit to require bail in an action to recover personal property is to require bond to be given for the forthcoming of the property to answer such judgment, execution, or decree as may be rendered or issued in the case, or, on failure thereof, to have the officer seize the property, or, if it is not to be found, to have the defendant committed to jail until the property shall be produced or bond be given, unless the defendant shall be released without security.' *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 276, 281 (62 S. E. 222). . . The ruling relied upon by the plaintiff in error in the instant case, as made by the Supreme Court in the *Brantley* case, supra, in which an action for malicious abuse of legal process was upheld, is based upon its having been made to appear that the bail-trover proceeding was there employed, not for the purpose of obtaining security as provided by law, but for the purpose of compelling the defendant to enter into a new and different contract in regard to the payment of the debt, by giving up other

594

security as a pledge therefor, in order to avoid the penalties of the bail-trover process. It was this perversion of the process to a use and a purpose which the law did not intend that it should subserve which rendered the proceeding an abuse of legal process. The court did not err in sustaining the general demurrer to the plaintiff's petition." *Robinson* v. *Commercial Credit Co.*, 37 *Ga. App.* 291 (139 S. E. 915); *Davison-Paxon Co.* v. *Walker*, 174 *Ga.* 532 (163 S. E. 212).

2. In the instant case the petition did not allege that the bail-trover proceeding terminated in favor of the defendant therein, and counsel for the plaintiff in error states in his brief that the present action is one for malicious abuse of legal process. So construing the petition, and applying the foregoing rulings to the facts of the case, the petition did not set forth a cause of action, and was properly dismissed on general demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*