## 48179. STEVENS v. BOARD OF REGENTS et al.

STOLZ, Judge. In this contract action for damages brought by a professor previously employed at Georgia State College (now University) by the defendant Board of Regents of the University System of Georgia, the essential element of the existence of the employment contract could be proved only by establishing that the plaintiff was not properly notified in 1968 that he would not receive a contract for the next academic year. This identical issue having been adjudicated by these parties in Fulton Superior Court, the former adjudication, unreversed, is binding, and the doctrine of estoppel by judgment precluded subsequent litigation of that issue. *Shaw v. Miller,* 215 Ga. 413, 414 (110 SE2d 759) and cits.

This result is not changed by the fact that the former adjudication was not upon the same cause of action (*Smith v. Wood,* 115 Ga. App. 265 (1) (154 SE2d 646)), or by the fact that the former adjudication was on appeal from an administrative decision. Although the Administrative Procedure Act (Code Ann. § 3A-120 (h); Ga. L. 1964, pp. 338, 354) provides, "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on *questions of fact*" (emphasis supplied), subsections (1) through (6) thereunder clearly authorize appellate review of the sufficiency of the evidence to support the agency's decision on questions of *law,* which is what was involved in the former adjudication of this case.

Therefore, the trial judge did not err in granting the defendants' motion for summary judgment.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED MAY 3, 1973 — DECIDED JUNE 14, 1973 — REHEARING DENIED JULY 6, 1973 — ▆▆▆▆▆▆▆

*Weltner, Kidd & Crumbley, Charles L. Weltner,* for appellant. *Arthur K. Bolton, Attorney General, Timothy J. Sweeney, H. Andrew Owen, Assistant Attorneys General,* for appellee.