## 54514. COOPER et al. v. PUBLIC FINANCE CORPORATION.

QUILLIAN, Presiding Judge.

Appeal was taken from the dismissal of the plaintiffs' complaint seeking to set aside a judgment rendered for the defendant. The Supreme Court in transferring the case to this court held: "This suit to set aside the judgment for a nonamendable defect appearing on the face of the record or pleadings, under *Hinsley v. Liberty Loan Corp.*, 133 Ga. App. 344 (1974), and cases cited therein, should be transferred to the Court of Appeals." *Held:*

1. By transferring the case here the Supreme Court found no equity in the appeal and has further expressly limited the action as one to set aside a judgment for nonamendable defects appearing on the face of the record or pleadings. See CPA § 60 (d) (Code Ann. § 81A-160 (d); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138).

Under CPA § 60 (a) (Code Ann. § 81A-160 (a); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138): "A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods hereinafter prescribed." The methods by which a judgment may be directly attacked are: (1) by motion for new trial; (2) motion to set aside; or (3) complaint in equity. Except for a judgment attacked by a complaint in equity, which may be brought in any superior court of appropriate jurisdiction, a judgment may be attacked by motion only in the court of rendition. CPA § 60 (b).

A further stricture upon methods of attacking judgments is found in CPA § 60 (f) which provides that, except where: "A judgment [is] void because of lack of jurisdiction of the person or subject matter . . . In all other instances, all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of."

Originally, we construed the Supreme Court order to mean that this action must be considered as an attack by motion to set aside under CPA § 60 (d). The original

judgment which is sought to be set aside was obtained in the State Court of DeKalb County. This action was brought in DeKalb Superior Court. Since the judgment may be attacked by a motion to set aside only in the court of rendition, it would appear that the instant complaint was subject to the defendant's motion to dismiss on the basis of lack of jurisdiction. This would especially appear true in view of the apparent difference in CPA § 60 (a) and CPA § 60 (d). For, if both methods of attack might be utilized as to the same judgment there would appear to be no reason for incorporating a motion to set aside under CPA § 60 (d) since a collateral attack would always be appropriate.

Nevertheless, in *Wasden v. Rusco Industries, Inc.*, 233 Ga. 439, 443 (2) (211 SE2d 733), the Georgia Supreme Court held that the proper test to be used in determining whether a judgment was void on its face is whether there was some nonamendable defect upon the face of the record or the pleadings, "which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed." P. 444. Under that decision, if a nonamendable defect appears on the face of the record or pleadings, then the judgment is void and may be collaterally attacked by any person "when it becomes material to the interests of the parties to consider it." P. 444.

We are bound by the Supreme Court's holding and the authorities it cites. Therefore, where there is a nonamendable defect appearing upon the face of the record or pleadings the judgment is void and the restrictions placed upon a direct attack are eliminated. Thus, even though the Supreme Court by transferring the case to us indicated that this action is in the nature of a motion to set aside, we must treat it as a collateral attack on a judgment void on its face and test it by the applicable authority.

2. From the record of the prior case, we find that the instrument on which the defendant (then the plaintiff) relied contains an acceleration clause which has been held to be void and unenforceable, as in violation of the Industrial Loan Act (Ga. L. 1955, p. 431). *Lawrimore v. Sun Fin. Co.*, 131 Ga. App. 96 (205 SE2d 110); *Hardy v. G.*

*A. C. Fin. Corp.,* 131 Ga. App. 282 (205 SE2d 526); *Brock v. Liberty Loan Co. of Albany,* 135 Ga. App. 62 (217 SE2d 389). That being true and under authority of *Wasden v. Rusco Industries, Inc.,* 233 Ga. 439, supra, we are compelled to hold that the judgment attacked showed that it was void on its face.

It is urged that the plaintiffs are precluded from seeking relief by virtue of voluntary payments made pursuant to the loan agreement. While under Code § 20-1007 voluntary payments are not recoverable (see *Dunton v. Norton,* 42 Ga. App. 310 (155 SE 775); *West v. Brown,* 165 Ga. 187 (1) (140 SE 500); *Nash Loan Co. v. Dixon,* 181 Ga. 297, 304 (182 SE 23)), the allegations and prayers of the complaint are not limited to an attempt to recover payments made under a void contract. Hence, it not appearing that plaintiffs are barred from redress as a matter of law, the complaint was not subject to dismissal.

3. In making our ruling we do not intimate as to what the facts might reveal nor do we make any finding as to the various defenses raised by the defendant. Insofar as the plaintiff's second enumeration of error complains of the failure to rule on the plaintiff's motion for a judgment on the pleadings and motion to strike defenses, we remand for determination of these issues by the trial judge.

*Judgment reversed and remanded. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 16, 1977 — DECIDED JANUARY 23, 1978.

*Clein & Heimanson, Neil L. Heimanson,* for appellants.

*Arnall, Golden & Gregory, Allen I. Hirsch, Charles L. Gregory,* for appellee.

*Charles M. Baird, Steven Gottlieb,* amicus curiae.