## 55311. COOPER et al. v. PUBLIC FINANCE CORPORATION et al.

QUILLIAN, Presiding Judge.

This is an appeal from the dismissal of plaintiff's complaint in the trial court. Plaintiffs, William and Ann Cooper, executed a security agreement and note with Public Finance Corporation. They failed to make the necessary payments. Public Finance forwarded the matter to its attorney, Robert A. Sneed. On March 19, 1975, after receiving no response to his request for payment letter, Mr. Sneed filed a complaint on behalf of Public Finance against the Coopers in the State Court of DeKalb County and took a default judgment on June 18, 1975, when the Coopers failed to answer. Thereafter the Coopers paid the amount of the judgment to Mr. Sneed, except for a few dollars.

On December 21, 1976, the Coopers filed an action against Public Finance, Mr. Sneed, and his firm, in the Superior Court of DeKalb County in which they sought "judgments against the defendants. . . for all sums collected by the defendants from the plaintiffs pursuant to the void and illegal loan transactions. . . [That every customer of Public Finance] be notified of this action. . . [and] the plaintiffs receive for the use of and benefit of each and every member of the class. . . the sum of $25,000 for each such member as punitive damages. . ." This was Civil Action 97243 in DeKalb Superior Court.

On December 29, 1976, the Coopers filed this action, Civil Action 97347, in DeKalb Superior Court, seeking judgment against Public Finance Corporation, Mr. Sneed, and his firm, to "set aside and declare null and void the judgment of the State Court of DeKalb County. . . [and] That they have and recover against the defendants jointly and severally judgment for [the amount they had paid Mr. Sneed] plus all court costs. . . plus punitive damages against the defendants in the sum of $750,000.00. . . "

On the same date that plaintiffs filed the second action they filed an amendment in the first suit striking Mr. Sneed and his firm as defendants, leaving only Public Finance Corporation as a common defendant in both

actions. In the first action plaintiffs appealed from a dismissal of their complaint. This court reversed and remanded. See *Cooper v. Public Fin. Corp.,* 144 Ga. App. 572 (241 SE2d 839).

In this action defendants' answers contained numerous defenses, including prior pending action, failure to state a claim and voluntary payment. Defendants' motions to "dismiss and/or strike" were granted. Plaintiffs bring this appeal. *Held:*

1. We shall address the issues involving Public Finance first. Plaintiffs contend that under Code § 3-114 (as amended Ga. L. 1967, pp. 226, 247) they have a right to "pursue any number of consistent or inconsistent remedies until [they] shall obtain a satisfaction from some of them." Thus, they argue that it is permissible to bring separate actions against the same defendant until they obtain a satisfaction. . ." Public Finance contends that under Code § 3-601 "[n]o suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party . . . and the pendency of the former shall be a good defense to the latter, if commenced at different times."

Code § 3-114 provides a general remedy for a plaintiff to obtain satisfaction by using consistent or inconsistent remedies against one or more defendants until a judgment is satisfied. See *Cox v. Travelers Ins. Co.,* 228 Ga. 498 (186 SE2d 748). However, Code § 3-601 provides a defendant with a specific defense against a plaintiff who comes within its parameters and will prevail over the general terms of Code § 3-114 if all of the conditions of Code § 3-601 are satisfied.

The same suitor here, the Coopers, did initiate two actions against the same party, Public Finance, in the same court — at different times. The only remaining issue is whether these two actions involved the "same cause."

A "cause of action" is "the right to bring a suit." *Atlantic C. L. R. Co. v. Tifton Produce Co.,* 56 Ga. App. 776, 779 (194 SE 72); Davis & Shulman, Ga. Practice & Procedure § 1-2; Code § 3-101. "Generally a single cause of action with several elements of damage admits of but one action, where there is an identity of subject-matter and of parties." *Seaboard A. L. R. v. Insurance Co. of N. A.,* 18

Ga. App. 341 (2) (89 SE 438). In the instant case there is identity of subject matter and of parties. A plaintiff "is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail." *Crawford v. Baker,* 86 Ga. App. 855, 859 (72 SE2d 790); *Rivers v. Wright & Co.,* 117 Ga. 81 (3) (43 SE 499); Davis & Shulman, Ga. Practice & Procedure § 1-9.

Other states have adopted a rule that separate actions involve the "same cause" within a dismissal statute where the relief requested relates to substantially the same set of facts. Sidwell v. Sidwell, 75 Ill. App. 2d 133 (220 NE2d 479); Leven v. Birrell, 91 NYS2d 729, 731; Jackson v. Thomson, 215 Pa. 209 (64 A 421, 424); First Nat. Bank v. Lewinson, 12 N. M. 147 (76 P 288); Hogle v. Reliance Mfg. Co., 113 Ind. App. 488 (48 NE2d 75, 80). This suit demanded "[t]hat the Court set aside and declare null and void the judgment of the State Court" in the action brought by Public Finance against the Coopers. When the Supreme Court forwarded plaintiffs' first appeal to this court, they labeled it as a "suit to set aside the judgment for a nonamendable defect appearing on the face of the record or pleadings. . . " *Cooper v. Public Fin. Corp.,* 144 Ga. App. 572, supra. Both actions sought recovery of the money paid by plaintiffs to defendants in satisfaction of the judgment by Public Finance against them and both suits sought additional punitive damages. The relief requested in both suits was substantially the same. Both actions involved a cause arising from the same note and security agreement and both suits were grounded in the same theory that the note and the judgment were void.

Other states apply a rule that the cause of action is the same when the same evidence will support both actions, or rather the judgment in the former action will be a bar, provided the evidence necessary to sustain a judgment for plaintiff in the present action would have authorized a judgment for him in the former action. Rhodabarger v. Childs, 120 Okla. 88 (250 P 489, 490); Vasu v. Kohlers, Inc., 145 Ohio St. 321 (2) (61 NE2d 707). See generally, 1 AmJur2d 648, Actions, § 128; 1 CJS 1184,

Actions, § 64. The evidence presented at the former trial would have supported the principal part of the plaintiffs' second action. Most certainly, if plaintiffs had secured judgment in the former suit, that judgment could have been pled in bar of the second action for the same money paid by the plaintiffs to the defendants and they could not recover punitive damages in addition to that recovered in the first suit. See *Stevens v. Board of Regents,* 129 Ga. App. 347 (199 SE2d 620); *Rothstein v. First Nat. Bank of Atlanta,* 141 Ga. App. 526 (233 SE2d 802); *Henderson v. Fulton County Bd. of Registration &c.,* 231 Ga. 173 (2) (200 SE2d 739); *Henderson v. MARTA,* 236 Ga. 849, 851 (225 SE2d 424); Code § 110-501.

We conclude, as to defendant Public Finance Corporation, both suits were based on the same cause of action and the pendency of the former action at that time was a bar to prosecution of this action. The trial court did not err in dismissing the complaint.

2. Plaintiffs' complaint alleged that Mr. Sneed caused a fi. fa. to be issued and recorded on the general execution docket and also caused to be issued "a garnishment upon the wages" of Mr. Cooper — one of the plaintiffs. Further, that "through garnishment process, the defendants collected the amount of said judgment" and "by causing execution to issue. . . and causing garnishment to issue" the defendants had "maliciously and wilfully abused the process of the law."

In later paragraphs of the complaint, plaintiffs charged defendants "intentionally and deceitfully" caused a fi. fa. to issue, "knowing. . . there existed no probable cause, right or justification to cause said property to be levied upon or garnished." These terms are characteristics of actions based on malicious use and malicious abuse of process.

The terms "malicious prosecution," "malicious use of process," and "malicious abuse of process" are frequently confused and commingled. Each is separate and distinct and possesses elements not found in the other. *Rivers v. Dixie Broadcasting Corp.,* 88 Ga. App. 131, 136 (76 SE2d 229). Malicious prosecution relates only to criminal prosecutions. Code § 105-801. Malicious use and abuse of process apply only to civil actions. See *Metro*

*Chrysler-Plymouth v. Pearce,* 121 Ga. App. 835, 837, fn. 2 (175 SE2d 910). In suits for malicious prosecution of a criminal case, and malicious *use* of civil process, three essential elements must appear: (1) malice, (2) want of probable cause to bring the first action, and (3) that the proceeding complained of had terminated in favor of the defendant in that suit — the present plaintiff. *Williams v. Adelman,* 41 Ga. App. 424, 427 (153 SE 224); *Davison-Paxon Co. v. Walker,* 174 Ga. 532, 534 (163 SE 212).

Malicious *abuse* of civil process, as contradistinguished from malicious *use* of civil process, lies when the plaintiff in a civil proceeding wilfully misapplies process of the court in order to obtain an objective such process was not intended by law to achieve. *Braswell v. Mason Kominers Tire Co.,* 56 Ga. App. 593 (193 SE 357); *Dugas v. Darden,* 65 Ga. App. 394, 396 (15 SE2d 901). The principal distinction between an action for malicious abuse of process and malicious use of process is that the former lies for wrongfully and unlawfully using legally and properly issued process for a purpose the law never intended it to effect, while the latter action lies for maliciously suing out civil process without probable cause. *Williams v. Adelman,* 41 Ga. App. 424, 427, supra; *Braswell v. Mason Kominers Tire Co.,* 56 Ga. App. 593, supra.

In malicious abuse of process actions there must be an ulterior motive on the part of the plaintiff to employ the process for a purpose for which it was not designed, *coupled with an improper act* in the use of such process *after it has issued* which amounts to its perversion to some unlawful purpose. *Landers v. Ga. Public Service Comm.,* 217 Ga. 804, 811-812 (125 SE2d 495); *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864, 868 (198 SE2d 420). Thus, the critical element of *abuse* of civil process is that the action lies for "improper use of process after it has been issued, not for maliciously causing it to issue." *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 69 (14 SE2d 565); *Landers v. Ga. Public Service Comm.,* 217 Ga. 804, 812, supra.

In plaintiffs' complaint they used terminology which could be interpreted to indicate they were claiming both malicious use and abuse of process. In fact and in law,

neither will lie in the instant case.

Malicious *use* of process did not lie because the first action had not terminated in favor of the present plaintiff when he brought his second action. Malicious *abuse* of process will not lie if the alleged improper use of process did not occur after it issued. Plaintiffs allege only that a fi. fa. and garnishment issued and was executed. However, since the motion of defendants to dismiss this action included evidence in an affidavit and involved an allegation of failure to state a claim, the motion must be "treated as one for summary judgment and disposed of as provided in section 81A-156." CPA § 12 (b); Code Ann. § 81A-112 (b) (Ga. L. 1966, pp. 609, 622, as amended through 1972, pp. 689, 692, 693).

Mr. Sneed stated in his affidavit that "[n]o garnishment proceedings were ever filed" and "[n]o proceedings to enforce the execution were ever instituted, nor were Plaintiffs threatened with execution." Further, Mr. Sneed claimed all payments were voluntary. Plaintiffs' pleadings were pierced by this evidence and he failed to file any rebuttal evidence — or any evidence for that matter. "Once the motion is supported by evidentiary matter showing a prima facie right in the movant to have judgment rendered in its favor, the duty is placed upon the opposing party to show the existence of a genuine issue of fact." *Goldsmith v. American Food Services*, 123 Ga. App. 353, 354 (181 SE2d 95). When a motion is supported by such evidence the adverse party may not rest upon mere allegations, conclusions, and denials in his pleadings, but must respond by affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. *Meade v. Heimanson*, 239 Ga. 177, 178 (236 SE2d 357). If he does not so respond, then summary judgment— if the trial court finds it appropriate, may be entered. CPA § 56 (e); Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759).

Defendant's evidence showed there was no malicious use or abuse of process and that all payments by the plaintiffs were voluntary. Voluntary payments began after suit was filed — before judgment, and continued after judgment until the debt was discharged — except for a few dollars. Under the facts of this case, such voluntary

payments cannot be recovered back (Code § 20-1007) unless within an exception stated in the Code. See *Williams v. Rentz Banking Co.*, 114 Ga. App. 778 (152 SE2d 825); *Henson v. Columbus Bank &c. Co.*, 144 Ga. App. 80 (3) (240 SE2d 284); *West v. Brown*, 165 Ga. 187 (1) (140 SE 500); *Cannon v. Kitchens*, 240 Ga. 239 (240 SE2d 78). We find no such exception.

3. Plaintiffs alleged that defendant Sneed "wilfully, flagrantly and maliciously defrauded the plaintiffs" in that he filed the action against plaintiffs knowing it "would serve merely to harass or maliciously injure another [and] [k]nowingly advance[d] a claim. . . that [was] unwarranted under the existing law" in violation of Disciplinary Rule 7-102 of the Code of Professional Responsibility for attorneys of the State Bar of Georgia.

The record shows that in the original action by Public Finance against the Coopers, the amount sued for was "the sum of $326.46 being principal due on a note. . ." Mr. Sneed's affidavit, in support of his motion for summary judgment, showed that he "only sought to recover their principal amount due on a note . . . and attorneys fees . . ." That suit was filed on March 19, 1975. This court decided *Hodges v. Community Loan &c. Corp.*, 133 Ga. App. 336, 340 (210 SE2d 826) on Oct. 23, 1974 (rehearing den. Nov. 18, 1974), which held "[t]he Georgia Industrial Loan Act contains nothing which impels the holding that a licensee is to forfeit the actual principal sums which it advances to the borrower." Accordingly on March 19, 1975, when Mr. Sneed filed Public Finance's action against the plaintiffs it was the law that Public Finance could recover its principal. That law was charged on appeal of *Hodges v. Community Loan &c. Corp.*, 234 Ga. 427, 431 (216 SE2d 274), which was decided April 30, 1975 (rehearing den. May 20, 1975). Thus, at the time Mr. Sneed filed his action in state court, Public Finance was permitted to recover the amount of principal remaining due. From examination of that action and Mr. Sneed's affidavit, we find no evidence of fraud or a violation of DR 7-102. On the contrary, the law permitted Public Finance to take the action it took — at the time they instituted the action, and defendant produced no evidence to contravene that fact. "It is thus seen that it is the duty of each party at the

hearing on the motion for summary judgment to present his case in full" where the movant pierces his opponents' pleadings and submits evidence supporting his contention. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173). This the plaintiffs failed to do. The trial court did not err in granting summary judgment for defendants.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED FEBRUARY 7, 1978 — DECIDED APRIL 5, 1978 — REHEARING DENIED MAY 22 AND JUNE 16, 1978 —

*Neil L. Heimanson,* for appellants.
*Arnall, Golden & Gregory, Charles L. Gregory, Allen I. Hirsch,* for appellees.