## 59888. BAUBLITZ v. FARMERS STATE BANK.

SUBMITTED MAY 5, 1980 — DECIDED MAY 21, 1980.

*James A. Elkins, Jr.,* for appellant.
*Weyman E. Cannington, Jr.,* for appellee.

DEEN, Chief Judge.

1. "Summary judgment under Georgia law is a proceeding where one must present his case sufficiently to raise an issue of fact or risk judgment going against him. See *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974) and *Allen Kane's Major Dodge, Inc. v. Barnes,* 243 Ga. 776, 779 (n. 1) (257 SE2d 186) (1979)." *Withrow Timber Co. v. Blackburn,* 244 Ga. 549, 552 (261 SE2d 361) (1979). The defendant's motion is based on the contention that the issues raised in this complaint — that the plaintiff was not indebted and that the defendant had violated Regulation Z — had been adjudicated in the prior litigation. The plaintiff filed neither a response to the motion nor any affidavits or other evidence in the trial court, although this was obviously the crucial issue for decision, as shown by the fact that the trial court in this case stayed his decision on the motion until the federal case was disposed of, as it was on July 16, 1979, and the judgment in this case was thereafter entered. Neither in this case nor in the federal case (as reflected in

the final order) did the plaintiff make any attempt to meet the defense of res judicata. He has accordingly not attempted to meet even that slightest of burdens which the law places upon the party opposing a motion for summary judgment.

2. The appellant contends that res judicata is not involved because under the holding in *Scroggins v. Harper,* 138 Ga. App. 783 (1) (227 SE2d 513) (1976) and *Southwest Ga. Land Development Co. v. Hillas,* 144 Ga. App. 670 (1) (242 SE2d 267) (1978) the issue at a confirmation hearing is true market value, and monetary claims having no relation to market value must be determined in other lawsuits. We recognize that the confirmation action (No. 3173) did not decide the issues attempted to be raised here, but the record affirmatively shows that they were attempted to be raised — to the extent that at one point in the federal case a restraining order, subsequently retracted, had issued to prevent the foreclosure. A Regulation Z defense was also raised in the superior court. These cases, as well as the federal action, put the plaintiff on notice of the bank's position. Whether or not the superior court would have had jurisdiction to pass on these defenses in the confirmation case, we are satisfied both that the issue was considered and disposed of in the federal court and that this constitutes an estoppel to raise it again here. *Doyle v. United Finance Co.,* 97 Ga. App. 257 (1 (a)) (102 SE2d 637) (1958); *Stevens v. Board of Regents,* 129 Ga. App. 347 (199 SE2d 620) (1973).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*