74005. MARIETTA BOARD OF LIGHTS & WATER v. GEORGIA PUBLIC SERVICE COMMISSION et al.
(356 SE2d 737)

POPE, Judge.

This appeal involves the construction of certain provisions of the Georgia Territorial Electric Service Act (the act), OCGA § 46-3-1 et seq., which was enacted in 1973 (Ga. L. 1973, p. 200) "in order (1) to assure the most efficient, economical, and orderly rendering of retail electric service within the state, (2) to inhibit duplication of the lines of electric suppliers, (3) to foster the extension and location of electric supplier lines in the manner most compatible with the preservation and enhancement of the state's physical environment, and (4) to protect and conserve lines lawfully constructed by electric suppliers . . . [by] implement[ing] a plan whereby every geographic area within the state shall be either assigned to an electric supplier or declared unassigned as to any electric supplier. . . ." OCGA § 46-3-2. The act also provided certain statutory guidelines for the initial assignment of territories to the various electric suppliers (OCGA §§ 46-3-4 through 46-3-7), and the Georgia Public Service Commission (commission) was vested with the authority necessary to implement the act.

On October 7, 1975 appellant Marietta Board of Lights & Water, appellee Cobb Electric Membership Corporation (CEMC) and other electric suppliers within the Cobb County area filed a joint application with the commission for the purpose of assigning certain areas located in unincorporated Cobb County. Pursuant to OCGA § 46-3-4, which governs the assignment of all areas which were located outside the corporate limits of any municipality as of March 29, 1973, the commission entered an order on November 18, 1975 assigning the area to appellant; however, because CEMC already owned a distribution line in the area, both appellant and CEMC stipulated that CEMC was entitled to exercise 500 foot "corridor rights" with respect to its distribution line, as provided in OCGA § 46-3-4 (4). That subsection, although not employing the term "corridor rights," gives an

electric supplier who owns "[a] line . . . which extends into or completely crosses a land space in which another electric supplier owns a preponderance of the lines . . . the exclusive right to extend and continue furnishing service to all new premises locating at least partially within 500 feet of such line and wholly more than 500 feet from the assignee electric supplier's lines. . . ." Similar corridor rights also exist for those electric suppliers servicing those areas located within municipal limits (OCGA § 46-3-5), but the corridor rights established for those areas extend for only 300 feet.

On February 10, 1982 the City of Marietta annexed this previously unincorporated portion of Cobb County. Appellant, relying on OCGA § 46-3-7 (2) (D), concluded that this annexation reduced CEMC's corridor rights from 500 to 300 feet and, without the consent or permission of CEMC, began extending service to customers located further than 300 feet from CEMC's distribution line. CEMC filed a petition with the commission on August 5, 1982 alleging that appellant's actions were in violation of the act.[1] By order dated March 15, 1985 and by supplemental order dated September 4, 1985, the commission ruled that "the 1982 annexation of the disputed area did not reduce CEMC's corridor rights with respect to its line from 500 to 300 feet . . . [and thus] CEMC has the exclusive right pursuant to OCGA § 46-3-4 (4) to service those buildings which are either partially or wholly within 500 feet of its distribution line. . . ." The Superior Court of Fulton County affirmed the decision of the commission and this appeal ensued.

1. Appellant argues in its first enumeration that the superior court's order should be reversed and remanded for consideration of the validity of the commission's conclusions of law, arguing that it is evident from the superior court's order, which stated that there was "ample evidence to support the orders of the . . . Commission," but which did not make any statement concerning the commission's conclusions of law, that the superior court erroneously considered only factual or evidentiary matters, which were not in dispute, and failed to consider appellant's challenges to the commission's conclusions of law. We disagree. We are not persuaded that the superior court, which is authorized to consider the sufficiency of the evidence to support the commission's conclusions on questions of law, see *Stevens v. Bd. of Regents*, 129 Ga. App. 347 (199 SE2d 620) (1973), failed to consider those matters which were properly before it for review. This enumeration is without merit.

---

[1] With the exception of the commission, which was made a party defendant on appellant's appeal to the superior court, the remaining appellees were granted leave to intervene before the commission; however, only appellant and CEMC assert a right to extend electrical service within the disputed area.

2. Appellant's remaining enumerations challenge the commission's conclusions of law with regard to its interpretation of OCGA § 46-3-7 (2) (D), which the parties agree is applicable to determine the assignment of electrical suppliers in a previously unincorporated area that is annexed in the manner used in the present case. Specifically, appellant relies on that portion of OCGA § 46-3-7 (2) (D) which provides that *"[i]n any geographic area assigned by operation of this part pursuant to this subparagraph*, every secondary supplier shall have, based upon the location of all secondary suppliers' lines therein on the effective date of the annexation, the exclusive right to extend and continue furnishing service to new premises locating therein at least partially within *300* feet of its line and wholly more than *300* feet from the lines of every other electric supplier. . . ." (Emphasis supplied.) Appellant argues that said language creates a 300 as opposed to 500-foot corridor right with respect to CEMC's existing distribution line following the annexation of the disputed area by the City of Marietta. As recognized by the commission and as aptly noted by appellees herein, appellant's construction of OCGA § 46-3-7 (2) (D) completely ignores the statutory mandate contained in the first sentence of that code section, which provides, inter alia, that "so much of . . . [the annexed] . . . area, if any, *as was already assigned* to any electric supplier shall continue to be so assigned." (Emphasis supplied.) The statute then goes on to provide the method of assignment for areas which were unassigned prior to annexation. The statutory scheme created by OCGA § 46-3-7 (2) (D) is clear and unambiguous — if an unincorporated area is annexed in the manner provided in that subsection and with respect to that area an assignment to electrical suppliers previously has been made, then that assignment remains unaffected by the subsequent annexation, such as in the case sub judice. However, if the annexed area was previously unassigned (no areas in Cobb County were designated unassigned), then the area is assigned pursuant to the method established in OCGA § 46-3-7 (2) (D), including the establishment of 300-foot corridor rights with respect to secondary suppliers within the area. Consequently, the judgment of the superior court affirming the commission's orders of March 15, 1985 and September 4, 1985 is affirmed.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 22, 1987.

*W. R. Robertson III*, for appellant.
*Michael J. Bowers, Attorney General, Michael J. Henry, Assistant Attorney General, Deppish Kirkland III, L. M. Awtrey, Jr., Toby B. Prodgers, Arthur H. Domby, James E. Joiner, Barry B. Mc-*

*Gough, F. Lawrence Street, Richard G. Tisinger*, for appellees.