## 76140. HAYES v. McFARLANE.
(369 SE2d 286)

BENHAM, Judge.

Hayes and his wife were riding in their automobile when McFarlane, who was also driving an automobile, collided with them. Hayes made a claim against Allstate Insurance Company, McFarlane's insurer, for damage suffered in the collision, and accepted a draft for $630. Hayes subsequently filed a complaint against McFarlane for loss of consortium. McFarlane moved for summary judgment on the claim, and the trial court granted the motion. Hayes brings this appeal, contending that there remain material issues of fact whether the parties reached an accord and satisfaction of the entire cause of action, and whether he impermissibly split his cause of action.

1. Appellant argues that he is not barred from prosecuting his loss of consortium action although he received and accepted payment from McFarlane's insurance company for the same collision, because the payment previously received was not as a result of a lawsuit. We agree. OCGA § 9-2-5 (a) states that "[n]o plaintiff may prosecute *two actions in the courts* at the same time for the *same cause of action*

and against the same party." (Emphasis supplied.) To merit dismissal on that basis, there must have been two lawsuits filed. See, e.g., *Cooper v. Public Fin.*, 146 Ga. App. 250 (1) (246 SE2d 684) (1978). It is undisputed that appellant filed only one lawsuit, the present one, although the cause of action at issue here is the same one at issue in the transaction between McFarlane's insurance carrier and Hayes. Therefore, it cannot be said as a matter of law that Hayes impermissibly split his cause of action.

2. Hayes also takes the position that a question of fact remains whether he and McFarlane reached an accord and satisfaction which would bar his right to recover under the lawsuit. We agree with him. "An accord and satisfaction . . . occurs with 'the delivery and acceptance of a check as a stated amount in full and complete settlement of a claim, whether the amount of the claim is established or uncertain. . . .' [Cit.] It is not necessary that a check or the accompanying correspondence contain magic words such as 'payment in full,' 'in full consideration' or 'in final payment' if there is some other documentary evidence to show what the check is intended to cover, i.e., itemization of deductions from the balance alleged to be due. [Cit.] . . . As a general rule, whether there is an accord and satisfaction is a jury question. [Cit.]" *Commercial Union &c. Co. v. Southeastern Ventilating*, 159 Ga. App. 443, 445 (283 SE2d 660) (1981). The record reveals no documentary evidence to show that the check was tendered or accepted in full satisfaction of Hayes' entire property damage claim, including loss of consortium. The only item that addresses that issue is the affidavit of the insurance claims adjuster who stated that he issued a draft that "was intended to be in payment of [appellant's] claim for property damage," but it is not clear whether that was the intention of all parties, or the insurer alone. In addition, the affidavit does not state that the check was in full settlement of all of appellant's property damage claims, just that it was settlement of a particular claim. That claim is not in the record so that its extent may be ascertained. "Applying the rule that the party moving for summary judgment has the burden of showing the absence of any material facts and that all doubts are resolved against the movant, [cit.], we find that the trial court erred in granting appellee's motion." Id. at 446.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

Decided April 20, 1988 —
Rehearing denied May 9, 1988 —

*Willie J. Woodruff, Jr.,* for appellant.

*Jack M. Carey*, for appellee.