77553. JOHNSON v. NORTH ATLANTA CAB COMPANY et al.
(378 SE2d 711)

BENHAM, Judge.

Appellant Sandra Johnson seeks reversal of the trial court's grant of summary judgment in favor of appellee North Atlanta Cab Company (NACC), a defendant in the personal injury action Johnson filed. Johnson claims the trial court erred in its ruling that is apparently based on the conclusion that the parties had reached an accord and satisfaction of all claims. We agree with appellant's position and reverse the judgment.

The case before us began on March 7, 1986, when appellant's vehicle was struck in the rear by an NACC cab driven by Susan Bisbing. Johnson's car was damaged and she suffered some personal injury. A few days later, Johnson was contacted by a representative of the cab company to discuss the damage to her car. On March 12, 1986, an NACC representative came to appellant's home, examined her car, and prepared and gave her an itemized repair estimate totaling $612.71 for her vehicle. On March 31, the Atlanta Metro Taxicab Group issued a check for $612.71 to Johnson. The face of the check stated that it was issued "in payment of loss which occurred about (date of accident) 3-7 1986." On the back of the check was the statement: "By endorsing this draft the payee accepts the proceeds of same in full payment of all claims arising from the loss or accident mentioned on the face thereof." Johnson endorsed the check a few days later and retained the proceeds. On December 28, 1987, she filed suit against NACC and Bisbing, seeking compensation for her medical expenses, lost wages, and pain and suffering. NACC defended against the action, alleging that there had been an accord and satisfaction between it and Johnson since she had accepted the check as payment for all of her claims. The trial court granted appellee's motion for

summary judgment, and appellant filed this appeal.

" 'An accord and satisfaction . . . occurs with "the delivery and acceptance of a check as a stated amount in full and complete settlement of a claim, whether the amount of the claim is established or uncertain . . ." As a general rule, whether there is an accord and satisfaction is a jury question. [Cit.]' " *Hayes v. McFarlane*, 187 Ga. App. 90 (2) (369 SE2d 286) (1988). Appellant's case is virtually identical to *Robinson v. Baker*, 141 Ga. App. 43 (232 SE2d 386) (1977). In *Robinson*, the same language was printed on the face and back of the check as is printed on the check in question here, and the court in *Robinson* reversed the trial court's grant of summary judgment to the insurer on the accord and satisfaction issue. We reach the same conclusion here. The NACC representative states in his affidavit that he settled Johnson's claims growing out of the collision and issued the check in question. However, a question of fact is created by Johnson's affidavit in which she states that the representative told her that a check would be mailed to her "for her car" and that he never mentioned and they never discussed settlement of her personal injury claim. Johnson's contention is further supported by the uncontradicted, written and itemized "estimate of repair cost" in the amount of $612.71, the exact amount of the check that NACC tendered and Johnson accepted. That written estimate serves as "some other documentary evidence to show what the check [was] intended to cover." *Hayes*, supra. Construing the evidence in the light most favorable to the non-moving party, the trial court should have concluded that "there is at least some evidence that only the property loss was dealt with. It remains for a jury to decide after hearing all the evidence whether the parties intended a settlement of all claims arising from the accident, or only the claim for the property damage loss." *Robinson*, supra at 44. See also *Creamer v. Smith*, 161 Ga. App. 312, 313 (287 SE2d 755) (1982). The trial court erred in granting NACC's motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 14, 1989.

*Rubin Law Offices, Robert P. Hoyt, Jason T. Schneider*, for appellant.

*Parkerson & Shelfer, I. J. Parkerson*, for appellees.